IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HACIENDA APARTMENTS, LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 5:21-cv-72 |
| GOTHAM INSURANCE COMPANY AND JOHN D. GUICE, | § § § § | |
| Defendants | § | |

## DEFENDANT GOTHAM INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant Gotham Insurance Company ("Gotham") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and, in support thereof, would show the Court as follows:

1.  On December 21, 2020, Plaintiff Hacienda Apartments, LLC ("Plaintiff" or "Hacienda") filed suit in Cause Number 2020CI24322, in the 407th Judicial District Court of Bexar County, Texas against Gotham and John D. Guice ("Guice"). Defendant Guice filed his answer on January 8, 2021. Defendant Gotham was served with process on December 30, 2020, and timely filed its answer on January 25, 2021.

2.  Pursuant to 28 U.S.C. § 1446(a) attached hereto are copies of all process and pleadings in the removed case. In particular: (i) an index of the matters filed herewith as Exhibit A; (ii) a copy of all pleadings and process filed to date is attached as Exhibit B; (iii) a copy of the docket sheet in the state court action is attached as Exhibit C; (iv) a list of all counsel of record, addresses, telephone numbers, and the parties represented is attached as Exhibit D; and (v) Gotham's election under Texas Insurance Code § 542A.006 is attached as Exhibit E.

3.    This notice of removal is timely filed under 28 U.S.C. § 1446(b), because it is filed within thirty days after the receipt by Gotham, through service, of a copy of the pleading setting forth the claim for relief upon which such action or proceeding is based.

4.    The claims asserted against Defendant Gotham are civil causes of action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

5.    Plaintiff Hacienda is a Texas limited liability company with its offices located in San Antonio, Bexar County, Texas. Upon information and belief, the sole owner of Hacienda is Guillermo Abundis, a resident of Bexar County, Texas, and citizen of Texas.

6.    Defendant Gotham is a New York corporation with its principal place of business in New Jersey. There is complete diversity between Gotham and Hacienda.

7.    While Defendant Guice is an individual residing in Austin, Travis County, Texas, he is improperly joined. Gotham has elected to accept whatever liability Defendant John D. Guice might have to Plaintiff Hacienda Apartments, LLC for Mr. Guice's acts or omissions related to Plaintiff's claim, under Texas Insurance Code § 542A.006. *See* Ex. B-6, Gotham's Original Answer at II; Ex. E, Jan. 25, 2021 letter from Blair Dancy to Marco Flores. As such, Guice is improperly joined and should be disregarded for purposes of diversity jurisdiction, and ultimately, dismissed from this suit. *See Koenig v. Unitrin Safeguard Ins. Co.*, SA20CV00887JKPHJB, 2021 WL 51762, at *3 (W.D. Tex. Jan. 6, 2021); *Mazhar Footsteps, LLC v. AmGuard Ins. Co.*, SA20CV00955JKPHJB, 2020 WL 7670245, at *5 (W.D. Tex. Dec. 24, 2020); *444 Utopia Lane, LLC v. Peleus Ins. Co.*, SA-20-CV-0716-XR, 2020 WL 4593209, at *5 (W.D. Tex. Aug. 11, 2020); *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, SA-19-CV-00773-XR, 2019 WL 6131455, at *5 (W.D. Tex. Nov. 18, 2019).

8. The amount in controversy exceeds $75,000 as stated in Plaintiff's Original Petition. Specifically, Plaintiff "currently seeks monetary relief over $1,000,000." See Ex. B-1, Plaintiff's Original Petition, p. 2.

9. The one-year statute of limitations on removal of diversity cases imposed by 28 U.S.C. § 1446(a) does not prevent removal because this action was commenced less than one year ago.

10. <u>Notice to State Court</u>. Pursuant to 28 U.S.C. § 1446(d) Gotham intends to serve written notice of this removal on the state court promptly after filing this Notice of Removal.

11. By signature of their counsel below, the only Defendant required to consent to this removal is Gotham. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

For these reasons, Defendant Gotham Insurance Company hereby effectuates removal of this cause to this Court.

Respectfully submitted,

    */s/ Blair Dancy*
Blair Dancy
State Bar No. 24001235
bdancy@cstrial.com
**CAIN & SKARNULIS PLLC**
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile

**ATTORNEYS FOR DEFENDANT GOTHAM INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 29th day of January 2021, as follows:

| Method of Service | Party(ies) | Counsel |
|---|---|---|
| *Email* | Plaintiff | Marco D. Flores<br>Jake Rogiers<br>FLORES & PELAEZ-PRADA, PLLC<br>3522 Paesano's Parkway, Suite 301<br>San Antonio, Texas 78231<br>mflores@stormlex.com<br>jrogiers@stormlex.com |
| *Email* | Defendant<br>John D. Guice | Jeffrey I. Nicodemus<br>Matthew E. Last<br>COBB MARTINEZ WOODWARD PLLC<br>1700 Pacific Avenue, Suite 3100<br>Dallas, Texas 75201<br>jnicodemus@cobbmartinez.com<br>mlast@cobbmartinez.com |

                                                */s/ Blair Dancy*
                                                Blair Dancy